UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Efficient Channel Coding, Inc. | ) | CASE NO. 1:04-CV-1607 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| Comtech AHA Corporation | ) | **DISCOVERY ORDER** |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J.:

This matter comes before the Court upon the April 7, 2005 and April 8, 2005 letters submitted by the parties pursuant to Rule 37 of the Federal Rules of Civil Procedure. After a review of the interrogatories and requests for production of documents, and upon careful consideration of the parties' issues and disputes, the Court makes the following determinations:

Comtech contends that the 1997 licensing agreement encompasses the so-called "SISO" algorithm and any and all improvements or enhancements; and, therefore, Comtech believes it is entitled to inquire at deposition as to this technology. ECC insists that the agreement is limited to Turbo Product Codes and that its new products are not related to Turbo Product Codes. Since ECC has preserved its objection on the ground of relevance, and since ECC has represented that

it will not instruct its witnesses not to answer reasonable questions regarding this topic, the Court's intervention is not necessary.

ECC objects to Comtech's claim to damages in the form of lost profits because of the language limiting liability in paragraph 10.2 of the agreement. This is a dispute of law and not an appropriate subject for fact discovery by way of interrogatories or requests for production. The argument as to the proper measure of damages is more suited to a dispositive motion.

ECC seeks a clarification of damages in interrogatories 1 through 4. This Court will not require Comtech to provide a formula for the calculation of its damages. Comtech has referenced paragraphs in the agreement which support its position; so, it need not quote specific language. However, Comtech shall identify, with specificity, any resale transactions of which it has knowledge and shall provide supporting documentation, including, but not limited to letters, invoices, accounts, and e-mails.

Both parties are reminded of their obligations under the Federal Civil Rules to answer fully and to supplement responses per Rule 26(e).

IT IS SO ORDERED.

DATE: 4/19/05

Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge